UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STACI DUNCAN,

    Plaintiff,

vs.                                      Case No.  3:09-cv-542-J-MCR

MICHAEL J. ASTRUE, Commissioner of
Social Security,

    Defendant.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Petition for Award of Attorney Fees Under the Equal Access to Justice Act (Doc. 15) filed October 10, 2010.  This Petition follows the entry of a Judgment reversing and remanding the decision of the ALJ in Plaintiff's favor with respect to Plaintiff's claim for benefits.  (Doc. 13).  The Commissioner filed its opposition to Plaintiff's Petition on October 26, 2010 (Doc. 17).[1]

**A. Eligibility for Award of Fees**

Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412, a party may recover an award of attorney's fees against the government provided the party meets five requirements: (1) the party seeking the award is the prevailing party; (2) the

---

[1] Essentially, the Commissioner argues that because Plaintiff raised two distinct issues in her Memorandum in Opposition to the Commissioner's Decision (Doc. 11), and the Court found in Plaintiff's favor on only one of those issues (Doc. 13), the Court should appropriately reduce any award of attorneys fees under the Equal Access to Justice Act.  See (Doc. 17).

application for such fees, including an itemized justification for the amount sought, is timely filed; (3) the claimant has a net worth of less than $2 million at the time the Complaint was filed; (4) the position of the government was not substantially justified; and (5) there are no special circumstances which would make an award unjust.  See 28 U.S.C. § 2412(d)(1) and (2).

    1. Prevailing Party

The Judgment in this case (Doc. 14), entered August 19, 2010, reversed the final decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and remanded the case for further consideration.  The Supreme Court has made clear that a plaintiff obtaining a sentence-four remand is a prevailing party.  Shalala v. Schaefer, 509 U.S. 292, 300-02, 113 S.Ct. 2625, 2631-32 (1993).  Accordingly, Plaintiff is the prevailing party in this case.

    2. Timely Application

A plaintiff must file an application for fees and other expenses within thirty days of the "final judgment in the action."  28 U.S.C. § 2412(d)(1)(B).  "Final Judgment" is defined as a judgment that "is final and not appealable."  28 U.S.C. § 2412(d)(2)(G). Because the Commissioner normally has sixty days in which to appeal, a judgment typically becomes final after sixty days.  Rule 4(a)(1)(B), Fed.R.App.P.  The plaintiff then has thirty days in which to file his or her application.  Therefore, an application is timely filed if done so prior to ninety days after the judgment is entered.  See Shalala, 509 U.S. at 297-98, 113 S.Ct. at 2629; Jackson v. Chater, 99 F.3d 1086, 1095 n. 4 (11th Cir.

1996).  Here, the Judgment was entered on August 19, 2010, and the Petition was filed October 11, 2010.[2]  Accordingly, the Court finds the Petition was timely filed.

### 3. Claimant's Net Worth

Plaintiff's counsel represents Plaintiff is not excluded from eligibility for an award under EAJA by any of the exclusions set forth in the Act.  (Doc. 15, p. 2, ¶ 5). Moreover, there is no contention that Plaintiff's net worth was in excess of $2 million at the time the Complaint was filed and thus, the Court finds Plaintiff's net worth was less than $2 million.

### 4. Government's Position Not Substantially Justified

The burden of proving substantial justification is on the Commissioner, who must demonstrate the substantial justification of his position as a whole.  See United States v. Jones, 125 F.3d 1418, 1420, 1427-31 (11th Cir. 1997).  Therefore, unless the Commissioner comes forth and satisfies his burden, the government's position will be deemed not substantially justified.  In this case, the Commissioner does not dispute the issue of substantial justification (Doc. 17, p. 2), and accordingly, the Court finds his position was not substantially justified.

### 5. No Special Circumstances

The Court finds no special circumstances indicating an award of fees would be unjust.

---

[2] The Court notes the Petition was filed before the Judgment became final.  However, Defendant does not offer any objection to this issue, therefore, the Court will proceed to rule on the request for fees.

**B.  Amount of Fees**

Having determined Plaintiff is eligible for an award of fees under EAJA, the Court now turns to the reasonableness of the amount of fees sought.  Plaintiff requests an award of $3,280.00 in attorney's fees, representing 20.5 hours at an hourly rate of $160.00 for the work performed on this case.  (Doc. 15, pp. 3-8).  Plaintiff also seeks $350.00 (the amount of the filing fee) in costs.  Id.

Here, the Commissioner argues the number of hours for which counsel requests compensation appears to be excessive because Plaintiff seeks attorneys fees for time spent on arguments which she did not prevail.  (Doc. 17).  The Commissioner requests the Court reduce the number of hours for which Plaintiff seeks compensation to account for her limited success.  (Id.).  In Haitian Refugee Center v. Meese, 791 F.2d 1489 (11th Cir.1986) the court held that where the position of the United States is substantially justified only as to some counts, but is not justified as to the remaining causes of action, if each claim involves the same factual bases, and the issues are intertwined, "the attorneys should be fully compensated for their work on the case as a whole."  Id. at 1500; see also United States v. Jones, 125 F.3d 1418, 1427 (11th Cir. 1997) (the Court reaffirmed its holding in Haitian Refugee Center v. Meese, and affirmed an award of EAJA fees where the claims involved "the same factual basis, and the legal issues were intertwined.").  Here, the issues involve the same factual basis and are intertwined.  Therefore, the Court finds the Commissioner's argument is without merit.

The amount of attorney's fees to be awarded "shall be based upon the prevailing market rates for the kind and quality of the service furnished," except that attorney's

fees shall not exceed $125 per hour <u>unless</u> the Court determines an increase in the cost of living or a "special factor" justifies a higher fee award.  28 U.S.C. §2412(d)(2)(A).  The Court accepts Plaintiff's contention that a statutory cost of living adjustment is appropriate to the hourly rate.  Because the Commissioner does not offer any objection Plaintiff's proposed hourly rate of $160.00, the Court will adopt this rate.

The Plaintiff seeks an award based on 20.5 hours of attorney time.  The Court believes 20.5 hours of attorney time is reasonable in this case.  Therefore, the Court finds $3,280.00 ($160.00 x 20.5 hours) is a reasonable fee in this case.  Moreover, Plaintiff will be awarded $350.00 in costs.

**C. Payment of Fees**

In recognition of the recent Supreme Court case of <u>Astrue v. Ratliff</u>, __ U.S. __, 130 S.Ct. 2521 (2010), which Plaintiff asserts approved the Commissioner's current practice of issuing EAJA payments directly to a plaintiff's attorney only in cases where the plaintiff does not owe a debt to the Government and the plaintiff has assigned the right to the EAJA fees to the attorney, Plaintiff does not request payment of the EAJA fees directly to his counsel.  Instead, Plaintiff asserts that after the Court grants Plaintiff's request for attorney's fees, the Commissioner will determine whether Plaintiff owes a debt to the government.  If Plaintiff does not owe any such debt, the Commissioner will accept Plaintiff's Assignment of EAJA fees and will pay the fees directly to Plaintiff's counsel.  As such, the Court will leave to the parties the issue of to whom the fees shall be paid.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED:**

1.     Plaintiff's Petition for Award of Attorney Fees Under the Equal Access to Justice Act (Doc. 15) is **GRANTED**.

2.     The Clerk shall enter judgment in favor of Plaintiff and against Defendant in the amount of $3,280.00 for attorney's fees and $350.00 costs for a total award of $3,630.00.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  27th  day of October, 2010.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party