UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Staci Duncan,

        Plaintiff,

vs.                                     Case No.  3:09-cv-542-J-MCR

Commissioner of Social Security,

        Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court Plaintiff's Uncontested Petition for Award of

Attorney Fees Under 42 U.S.C. 406(b) (Doc. 20) filed November 7, 2011.

Plaintiff's counsel, who obtained a sentence four remand/reversal of denial of

benefits for his client in this social security appeal (Doc. 13), received an award of EAJA

fees in the amount of $3,630.00 for his 20.5 hours of work on this case (Doc.18).  Upon

remand, the Commissioner issued a decision favorable to Plaintiff.  In a Notice of

Award, the Social Security Administration indicated that it was withholding 25% of the

past due benefits awarded to Plaintiff, an amount totaling $18,748.50.  See (Doc. 20-2).

Pursuant to the contingent Fee Agreement entered into by Plaintiff and her attorney,

Plaintiff's counsel now seeks a fee of $12,812.50.  See (Doc. 27-1).

Under 42 U.S.C. § 406(b), an attorney who secures a favorable result for his

client upon remand from federal court may petition the Court for a fee not in excess of

25% of the total past-due benefits to which the claimant is entitled.  42 U.S.C. §

406(b)(1)(A).  In capping the fee at 25%, "Congress ... sought to protect claimants

against 'inordinately large fees' and also to ensure that attorneys representing

successful claimants would not risk 'nonpayment of [appropriate] fees." <u>Gisbrecht v.</u>

<u>Barnhart</u>, 535 U.S. 789, 806, 122 S.Ct. 1817 (2002) (citations omitted).

  "Within the 25% boundary ... the attorney for the successful claimant must show

that the fee sought is reasonable for the services rendered." <u>Id.</u> at 807.  The Court's §

406(b) reasonableness analysis is not meant to supplant the contingency-fee

arrangement, which the Supreme Court recognized as the most common fee

arrangement in social security cases.  <u>Id.</u> at 800.  In fact, the Supreme Court counsels

that the parties' fee agreement is the first place the Court should turn in assessing the

reasonableness of a fee.  <u>Id.</u> at 808.  Other key considerations include the character of

the representation and the results the representation achieved.  <u>Id.</u>  For example, "[i]f

the attorney is responsible for delay" or "[i]f the benefits are large in comparison to the

amount of time spent on the case" the Court may appropriately reduce the fee.  <u>Id.</u>

The Court previously found Plaintiff's counsel reasonably expended 20.5 hours

prosecuting this case.  The Court has now reviewed the contingent fee contract and has

considered the character of the representation and the results the representative

achieved and finds that the contingent fee contract is reasonable in this case.[1]

Plaintiff's counsel is therefore entitled to an award of 25% of the past due benefits

recovered ($18,748.50) less the $5,000.00 counsel has petitioned for pursuant to 42

---

[1]The Court has also taken into account that the Commissioner has not objected to the instant fee request.  Thus, this decision should not be viewed as precedent in a case where the rate is contested.

U.S.C. § 406(a) for administrative work or $13,748.50.  Plaintiff's counsel seeks a reduced fee of $12,812.50.

Plaintiff's counsel has already recovered $3,280.00 in EAJA fees in this case and to prevent "double-dipping" Plaintiff's counsel could refund the EAJA fee to Plaintiff upon receipt of the 406(b) award, or alternatively, that sum could be deducted from Plaintiff's counsel's recovery of any escrowed sum.  In his brief, Plaintiff's counsel suggested the former method and as the Commissioner does not object, the Court will permit it.

Accordingly, after due consideration, it is

**ORDERED**:

Plaintiff's Uncontested Petition for Award of Attorney Fees Under 42 U.S.C. 406(b) (Doc. 20) is **GRANTED**.  The Court finds that a reasonable attorney fee for Plaintiff's counsel, Erik W. Berger, for representation of Plaintiff in this Court is **$12,812.50** and the Commissioner is ordered to pay said sum to Erik W. Berger.  Upon receipt of this sum, counsel for Plaintiff is directed to refund to Plaintiff $3,280.00 representing the fee already paid to Plaintiff's counsel under his EAJA application.

The Clerk shall enter Judgment accordingly.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  8th  day of

November, 2011.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record